IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEO F. SCHUYLER,

            Petitioner,

    v.                                CASE NO. 11-3232-SAC

RAY ROBERTS,

            Respondent.

MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in state custody. Petitioner proceeds pro se and submitted the full filing fee.

    Petitioner challenges the terms of his post-release supervision period. He acknowledges that he has not exhausted state court remedies, but he asserts such exhaustion would be futile, citing the similarity of his claims to those of another prisoner.[1]

    Before a state prisoner may pursue federal habeas corpus relief, the prisoner must exhaust available state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). While § 2241 does not contain an express exhaustion requirement, case law in the Tenth Circuit requires exhaustion of available state remedies. *Montez v.*

---

[1] Petitioner cites separate petition for habeas corpus pursuant to § 2241 now pending in this court. Case No. 11-3210, *Fagan v. Roberts.*

*McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Harris v. Champion,* 15 F.3d 1538, 1554 (10th Cir.1994)(quoting *Rose v. Lundy,* 455 U.S. 509, 518 (1982)).

As noted, petitioner seeks to avoid the exhaustion requirement on the ground of futility. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza v Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Petitioner bears the burden of showing that exhaustion would be futile. *Clonce v. Presley*, 640 F.3d 271, 273 (10th Cir. 1981).

In support of his request for an exemption from the exhaustion requirement, petitioner refers the court to a motion for joinder attached to the petition; that document states the arguments and authorities cited by Fagan are the same as his own; however, petitioner concedes:

> "the only difference will be ... the dates of convictions; sentences; charges; and release dates. In addition instead of the KDOC running my new sentence and postrelease supervision confinement times consecutively, the Sedgwick County District Court has unlawfully applied K.S.A. 21-4608(c) in my case. However, the KDOC did unlawfully extend my prior 36 months postrelease supervision period that was established at sentencing to a period of 41 months remaining." (Doc. 1, unnumbered attachment, Petitioner's Request for Joinder).

Given the complexity of petitioner's criminal sentence history, the court finds no reason to excuse exhaustion in this matter. Petitioner has offered no compelling explanation why his claims and those of Inmate Fagan are substantially identical, and,

as noted, the exhaustion requirement serves the important goal of protecting the role of the state courts.

Accordingly, the court will deny the petition without prejudice to allow petitioner to present his claims to the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed without prejudice to allow petitioner to exhaust available state court remedies.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 1st day of February, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge